Jing Shen Jiang
42 Cloverfield Ct.
Mifflintown, PA. 17059

In Pro Per

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED 9403 PEMBRIDGE DRIVE, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 134-0730-009-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>                Defendant. | CASE NO.  2:18-CV-00799-KJM-CKD<br><br>**VERIFIED ANSWER TO COMPLAINT FOR FORFEITURE IN REM**<br><br>REAL PROPERTY LOCATED 9403 PEMBRIDGE DRIVE, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 134-0730-009-0000 |

**ANSWER**

Claimant insert, through counsel, answers the Complaint as follows:

1.      Claimant asserts that the allegation in paragraph 1 of the Complaint is a legal conclusion. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions.

2.      Claimant asserts the allegation in paragraph 2 is a legal conclusion. No response is required, to the extent that a response is appropriate, Claimant admits that real property is located at 9403 PEMBRIDGE DRIVE is situated in the city of Elk Grove, County of Sacramento, State of

1

California; Claimant however denies that this Court has jurisdiction over this action in order to preserve all appropriate defenses.

3.      Claimant asserts that the allegation in paragraph 3 is a legal conclusion. No response is required. To the extent that a response is appropriate, Claimant admits that real property is located in the city of Elk Grove, County of Sacramento. However, claimant denies that this district is proper venue for this action in order to preserve all appropriate defenses.

4.      Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 4. Therefore, Claimant denied all allegations in paragraph 4.

5.      Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 5. Therefore, Claimant denied all allegations in paragraph 5.

6.      Claimant does not have sufficient knowledge to admit or deny other allegations in paragraph 6, and therefore Claimant denied all allegations in paragraph 6.

7.      Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 7. Therefore Claimant denies all allegations in paragraph 7.

8.      Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 8. Therefore Claimant denies all allegations in paragraph 8.

9.      Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 6. Therefore Claimant denies all allegations in paragraph 9.

10.      Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 10. Therefore Claimant denies all allegations in paragraph 10.

11.      Claimant does not have sufficient knowledge to foam a belief as to the truth of the allegations in paragraph 11. Therefore Claimant denies all allegations in paragraph 11.

12.      Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 12. Therefore Claimant denies all allegations in paragraph 12.

Verified Claim Opposing Forfeiture

13.     Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 13. Therefore Claimant denies all allegations in paragraph 13.

14.     Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 14. Therefore Claimant denies all allegations in paragraph 14.

15.     Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 15. Therefore Claimant denies all allegations in paragraph 15.

16.     Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 16. Therefore Claimant denies all allegations in paragraph 16.

17.     Claimant does not have sufficient knowledge to farm a belief as to the truth of the allegations in paragraph 17. Therefore Claimant denies all allegations in paragraph 17.

18.     Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 18. Therefore Claimant denies all allegations in paragraph 18.

19.     Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 19. Therefore Claimant denies all allegations in paragraph 19.

20.     Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 20. Therefore Claimant denies all allegations in paragraph 20.

21.     Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 21. Therefore Claimant denies all allegations in paragraph 21.

22.     Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 22. Therefore Claimant denies all allegations in paragraph 22.

23.     Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 23. Therefore Claimant denies all allegations in paragraph 23.

24.     Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 24. Therefore Claimant denies all allegations in paragraph 24.

25.    Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 25. Therefore Claimant denies all allegations in paragraph 25.

26.    Claimant denies allegation contained in Paragraph 26 of the Complaint.

27.    All responses made to Paragraph 1 thru 27 of the Complaint are re-alleged and incorporated herein, by reference.

28.    Claimant asserts that the allegations in Paragraph 28 of the Complaint are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiff's proposed action on the grounds that any restraint or encumbrance on Defendant property during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's Fifth Amendment Constitutional right and Claimant's right to free alienation of her property.

29.    Claimant asserts that the allegations in Paragraph 29 of the Complaint are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiff's proposed action on the grounds that any restraint or encumbrance on Defendant property during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's Fifth Amendment Constitutional right and Claimant's right to free alienation of her property.

30.    All responses made to Paragraph 1 thru 30 of the Complaint are re-alleged and incorporated herein, by reference.

31.    Claimant asserts that the allegations in Paragraph 31 of the Complaint are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiffs allegations and legal conclusions. Claimant objects and opposes Plaintiffs proposed action on the grounds that any restraint or encumbrance on Defendant property during the pendency of this

Verified Claim Opposing Forfeiture

action without reasonable allegations of wrongdoing by Claimant violates Claimant's Fifth Amendment Constitutional right and Claimant's right to free alienation of her property.

32.     Claimant asserts that the allegations in Paragraph 32 of the Complaint are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiffs allegations and legal conclusions. Claimant objects and opposes Plaintiffs proposed action on the grounds that any restraint or encumbrance on Defendant property during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's Fifth Amendment Constitutional right and Claimant's right to free alienation of her property.

33.     Claimant asserts that the allegations in Paragraph 33 of the Complaint are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiffs proposed action on the grounds that any restraint or encumbrance on Defendant property during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's Fifth Amendment Constitutional right and Claimant's right to free alienation of her property.

34.     All responses made to Paragraph 1 thru 34 of the Complaint are re-alleged and incorporated herein, by reference.

35.     Claimant asserts that the allegations in Paragraph 35 of the Complaint are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiff's proposed action on the grounds that any restraint or encumbrance on Defendant property during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's Fifth Amendment Constitutional right and Claimant's right to free alienation of her property.

36.     Claimant asserts that the allegations in Paragraph 36 of the Complaint are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies

Verified Claim Opposing Forfeiture

Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiff s proposed action on the grounds that any restraint or encumbrance on Defendant property during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's Fifth Amendment Constitutional right and Claimant's right to free alienation of her property.

37.     All responses made to Paragraph 1 thru 37 of the Complaint are re-alleged and incorporated herein, by reference.

38.     Claimant asserts that the allegations in Paragraph 38 of the Complaint are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiff's proposed action on the grounds that any restraint or encumbrance on Defendant property during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's Fifth Amendment Constitutional right and Claimant's right to free alienation of her property.

39.     Claimant asserts that the allegations in Paragraph 39 of the Complaint are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiff's proposed action on the grounds that any restraint or encumbrance on Defendant property during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's Fifth Amendment Constitutional right and Claimant's right to free alienation of her property.

40.     Claimant asserts that the allegations in Paragraph 40 of the Complaint are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiffs allegations and legal conclusions. Claimant objects and opposes Plaintiffs proposed action on the grounds that any restraint or encumbrance on Defendant property during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's Fifth Amendment Constitutional right and Claimant's right to free alienation of her property.

41.    Claimant asserts that the allegations in Paragraph 41 of the Complaint are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiff's proposed action on the grounds that any restraint or encumbrance on Defendant property during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's Fifth Amendment Constitutional right and Claimant's right to free alienation of her property.

The remainder of Plaintiff's Complaint, beginning with the word "WHEREFORE" constitute a prayer for specific relief to which no answer is required. To the extent a response is appropriate, Claimant denies that relief is proper proportionate or justified by the facts of this case.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim that Defendant 9403 PEMBRIDGE DRIVE real property is subject to forfeiture pursuant to 21 U.S.C.§ 841 et seq. is a claim upon which relief cannot be granted in this case because Claimant is informed and believes that Defendant 9403 PEMBRIDGE DRIVE was occupied with legitimate tenant (s) and Claimant was engaged in a legal business investment when Claimant purchased and leased out Defendant 9403 PEMBRIDGE DRIVE for the purpose of, or with knowledge of, or intent of, or suspicion of facilitating an illegal activity.

SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim for which relief can be granted.

THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from pursuing this civil forfeiture action because it has failed to conduct an adequate investigation and filed its Complaint without sufficient prior analysis of the facts to reasonably ascertain Claimant's role or ownership status.

FOURTH AFFIRMATIVE DEFENSE

The Allegations contained in Plaintiff's Complaint are compound, vague and ambiguous.

FIFTH AFFIRMATIVE DEFENSE

Claimant has acted in good faith at all times relevant to the Complaint with no knowledge of or intent of facilitating an illegal activity that involved Defendant 9403 PEMBRIDGE DRIVE then Claimant is a victim who had no knowledge or ability to know of fraud or misrepresentation by tenant (s).

SIXTH AFFIRMATIVE DEFENSE

Claimant, as innocent owner, did not know, or have reason to know, or have suspicion to undertake a duty to know even after exercise of reasonable diligence that the employed in an alleged criminal activity, and as such Claimant is a victim of fraud or misrepresentation by tenant (s).

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's seizure of Defendant 9403 PEMBRIDGE DRIVE violates Claimant's Fourth Amendment right to be free from illegal searches and seizures, as Claimant denies participation in or knowledge of any alleged illegal activities at Defendant 9403 PEMBRIDGE DRIVE until notification by Plaintiff.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from obtaining a forfeiture judgment because it obtained the warrant through incorrect, misleading or incomplete allegations.

NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine, insomuchas that Plaintiff may have illegally obtained a search warrant or executed its search warrant beyond the scope provided or breached Constitutional protections in the search of persons and property at Defendant 9403 PEMBRIDGE DRIVE.

Verified Claim Opposing Forfeiture

TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot obtain the forfeiture it seeks because the result would be constitutionally disproportionate, where Claimant would be subject to seizure of property worth substantial value even without knowledge, participation, or connection to the alleged illegal activity.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot obtain a forfeiture judgment because it has not acted in good faith, given that there is no reasonable suspicion or facts to substantiate that even known of alleged illegal activities at Defendant 9403 PEMBRIDGE DRIVE and thus Plaintiff would be intentionally, knowingly, and purposefully seeking a forfeiture judgment against a wholly innocent party/victim.

TWELTH AFFIMATIVE DEFENSE

Claimant alleges that the activities complained of, if any were proximately contributed to or cause by other persons unknown to Claimant at the time and were not caused in any way by Claimant.

**RESERVATION OF RIGHTS**

This answering Claimant is informed and believes, and based thereon allege that there may be other applicable affirmative defenses not alleged herein because of facts not yet know to this answering Claimant therefore Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

**RELIEF**

WHEREFORE, the Claimant respectfully prays that the Court will:

a.      Dismiss the Plaintiff/Government's Complaint and enter judgment on behalf of Claimant;

b.      Award injunctive relief to Claimant prohibiting further actions against Claimant's property by Plaintiff/Government and to affirmatively require Plaintiff/Government to remove any and all encumbrances on Claimant's property;

c.      Deny issuance of certificate of probable cause pursuant to 28 U.S. Code § 2465 should Plaintiff/Government seek seizure and to award costs and attorney fees to Claimant pursuant to the same;

d.      Provide Claimant with demand for trial by jury on any issues so triable;

e.      Provide such relief as the Court deems proper and just.


Dated:  June 15   , 2018


*Jing Shen Jiang*

Jing Shen Jiang, Claimant

**VERIFICATION**

     Pursuant to the provisions of 28 U.S.C §1746m I hereby declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct. This verification was executed on May ~~May~~ June 1?, 2018 at Sacramento, California.

By: Jing Shen Jiang

Jing Shen Jiang

Stipulation and [Proposed] Order for Continuance of
Status Hearing and for Exclusion of Time